STATE OF MINNESOTA ex rel. CITY OF ST. PAUL v. DISTRICT COURT OF RAMSEY COUNTY and Another.

May 12, 1898.

Nos. 10,994—(29).

Municipal Corporation — Officer de jure and de facto — Usurping Functions of Office—Void Act.

Where a person who is not and cannot be an officer de jure, because there is not and cannot be an office de jure to be filled by any one, usurps the functions and performs acts required by law to be done by officers who exist at the time, de jure as well as de facto, such law has not been complied with, and the acts cannot be held valid.

City of St. Paul—Commissioner of Public Works—Laws 1895, c. 228 —Assessment for Local Improvement.

In accordance with the provisions of Laws 1895, c. 228, held unconstitutional in State v. Copeland, 66 Minn. 315, a person was appointed "commissioner of public works" for the city of St. Paul, who entered upon the duties and pretended to perform the acts of the board of public works until ousted in the above-entitled action. *Held*, that the acts of the so-called "commissioner" in reference to a local improvement were invalid, and did not authorize an assessment for such improvement.

Certiorari to review a judgment of the district court for Ramsey county, vacating an assessment for local improvements in the city

of St. Paul and denying the application of the city treasurer for judgment thereon, entered in pursuance of the decision and order of Bunn, J.   Writ discharged.

*James E. Markham* and *Hermon W. Phillips*, for relator.

Counsel cited Plymouth v. Painter, 17 Conn. 585; State v. Carroll, 38 Conn. 449; Burt v. Winona & St. P. R. Co., 31 Minn. 472; Secombe v. Kittelson, 29 Minn. 555; Fraser v. Freelon, 53 Cal. 644; State v. Rich, 20 Mo. 393; Tucker v. Aiken, 7 N. H. 113; Hooper v. Goodwin, 48 Me. 79; Hamlin v. Kassafer, 15 Ore. 456; McCraw v. Williams, 33 Gratt. 510; Petersilea v. Stone, 119 Mass. 465; People v. Staton, 73 N. C. 546.

*S. L. Pierce* and *R. A. Walsh*, for respondent.

COLLINS, J.

The question now presented is whether a certain assessment for local improvements in the city of St. Paul is valid when the acts in reference to such improvements, required by the city charter to be done and performed by the board of public works, have not been done or performed by such board, but, instead thereof, by a person claiming to hold the office of commissioner of public works, an office attempted to be created by Laws 1895, c. 228, a statute held to be unconstitutional in State v. Copeland, 66 Minn. 315, 69 N. W. 27, in which case a writ of ouster was ordered against the person in question to remove him from the alleged office.

It stands conceded that, from the time of his appointment to the so-called "office," the incumbent was recognized by the authorities of the city and exercised the functions and performed the acts and duties which had by the charter been cast upon the board of public works, a board consisting of four persons, and had practically usurped their places in all matters which had previously come before the board as provided by law.   The board resisted this usurpation, and met daily for the purpose of transacting the business which under the charter was theirs to perform.   This condition of affairs continued until the writ of ouster deprived the alleged officer of all semblance of right, and, as a result, the board resumed its official labors without interference.

We thus have the case of a person who could not, under any circumstances, become a de jure officer (because there was not and could not be a de jure office to be filled by any one), who has assumed to act officially in reference to an assessment for local improvements and to perform certain duties which had been conferred by law upon a board of public works,—a board which existed de jure as well as de facto at the same time. And it is these acts of actual usurpation which are relied upon to sustain the validity of an assessment which may result in a devestiture and transfer of real property in the exercise of an authority which must be clearly given to a municipality, and always strictly pursued.

There are many cases in the books in which the acts of de facto officers have been considered, and in many instances recognized as valid. But none have been cited which go further in the direction of sustaining the contention of counsel for the city as to the validity and sufficiency of the acts of the so-called "commissioner" than that of Burt v. Winona & St. P. R. Co., 31 Minn. 472, 18 N. W. 285, 289, in which this court held by a majority opinion that where a court or office has been established by a legislative act apparently valid, and the court has gone into operation, or the office has been filled and exercised under the act, it is a de facto court or office. The act there considered had created a municipal court,—a thing the legislature had power to do; but, upon its passage in the senate, the act failed to receive the constitutional number of votes,—a fact established by evidence aliunde. And the decision was guardedly placed upon the particular facts in hand. We do not here either approve or disapprove the Burt case; but in no event can it be extended in its application.

The legislative act under which the right to appoint a commissioner of public works was exercised, and under which the appointee served in the stead of rightful officers, was in itself unconstitutional, and was as inoperative as if it had never been passed. The cases which bear upon the question now before us were carefully reviewed in State v. Carroll, 38 Conn. 449, and again, recently, in Flaucher v. City of Camden, 56 N. J. L. 244, 28 Atl. 82; but not one can be found which is authority for the claim here made, that, where a person who is not and cannot be an officer de

jure (because there is not and cannot be an office de jure to be filled by any one), has intruded and usurped the functions and performed the acts required by law to be done by officers who exist at the time, de jure as well as de facto, such law has been complied with, or the unauthorized acts held valid. The agency through which the city should have acted when making the improvement—the board of public works—was disregarded and ignored, and hence the assessment was properly set aside.

Writ discharged.